PURNELL JEFFERSON, Treasurer of the Silver Run Company, *vs.* JOHN STEWART.

Corporation books are evidence in a suit between the company and a corporator.

A member of the company is not a competent general witness for the plaintiff in such suit.

The record of a private act of assembly, takes date from the time of lodging a copy in the recorder's office to be recorded : a private act is, therefore, not void, though not actually recorded within the year, if deposited in due time.

NEWCASTLE County, November Term, 1843. This was an action on the case for non-payment of marsh taxes.

The plaintiff gave in evidence the act of incorporation of the Silver Run Company, passed in 1790, with a supplement passed February 1837, and recorded April 12, 1838. The note of the recorder endorsed, showed that the copy of this supplement was lodged in his office for record in November 1837.

*Mr. Wales* objected to the admissibility of the supplement in evidence, that it was not recorded within the year after its passage; and became void by this omission. (*Dig.* 32.)

*Mr. Rogers* argued, that the depositing the act in the recorder's office was sufficient. The parties by so placing it in the office do all in their power; and the neglect of the public officer cannot destroy the law.

*Wales.*—The object of this law is, that public notice shall be given of all private acts. The act takes effect *on condition* that it shall be recorded in due time. This is the only public notice of the law. If the officer, by merely making a note that a paper is deposited, can give it the effect of a record, then it may never be recorded.

The entry of the time of deposit is not evidence, as it is no official act.

*Rogers.*—It is required by law, (*Dig.* 92 ;) and this law makes the date of lodging the instrument in the office the date of the recording.

*Wales.*—This refers to papers recorded under that act, and cannot extend to a private act of assembly.

*Rogers.*—It is general in terms : any "deed or other instrument proper to be recorded."

*The Court.*—The acts of 1825 and 1829, are in pari materia, in relation to the recording papers proper for record ; and the latter act provides for noting the time when an instrument is placed in the

office, which is made the date of the recording. And this was necessary, because every paper cannot be recorded as soon as it is lodged in the office; and it would be a dangerous construction of the law, as well as a very narrow one, to make the party responsible for the neglect of the officer.

　　　　　　　　　　　　　　　　　　Record admitted.

The plaintiff now proved the books of the corporation, and their custody, and offered them in evidence. They were admitted, though objected to. He then proved his election as treasurer of the company, and the assessment of defendant's property.

A member of the corporation was called as a general witness for plaintiff, and objected to by the defendant's counsel on the ground of interest.

*Rogers.*—It is now the settled law, that a corporator may be a witness for the corporation, where he has no direct personal interest in the event of the suit. His interest as a member of the corporation is not a disqualifying interest. (*Ang. & Ames* 389; 1 *Phil. Ev.* 57, *n.*)

*Wales.*—The witness is interested. The suit is by the corporation against a member for taxes; any other member is interested in the recovery. He is bound for costs also.

*The Court.*—The books are somewhat doubtful on this question, but we think it more in accordance with the established principles of evidence, that in respect to private corporations, any interest of the witness in the event of the suit, whether derived through the corporation, or personal, independent of the corporation, is a disqualifying interest. A recovery in this suit would be beneficial to all the other members of the corporation as alleviating their own burdens by way of taxation for the purposes of the company.

　　　　　　　　　　　　　　　　The plaintiff had a verdict.

*Rogers,* for plaintiff.
*Wales,* for defendant.